24CA0287 Peo v O'Brien 09-18-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0287
Arapahoe County District Court No. 16CR1924
Honorable Darren L. Vahle, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Reed Boone O'Brien,

Defendant-Appellant.

ORDER AFFIRMED

Division IV
Opinion by JUDGE HARRIS
Johnson and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 18, 2025

Philip J. Weiser, Attorney General, Lisa K. Michaels, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Reed Boone O'Brien, Pro Se

¶ 1     Defendant, Reed Boone O'Brien, appeals the district court's order denying his Crim. P. 33 motion.  We affirm.

## I.     Background

¶ 2     This appeal arises from events that occurred almost ten years ago.  In July 2016, O'Brien and the victim, Ross Cohen, attended a family party in a community clubhouse.  Afterward, O'Brien and Cohen had a physical altercation in the clubhouse parking lot (the physical altercation).  O'Brien's sister, Leah, witnessed the physical altercation.

¶ 3     Once O'Brien and Cohen separated, Cohen drove to a nearby townhome, a residence O'Brien shared with his grandmother, to drop off some party items.  O'Brien followed Cohen to the townhome on foot, where he retrieved a shovel and told Cohen to leave.  Cohen drove back to the clubhouse and was sitting inside when O'Brien returned and threatened him with the shovel (the menacing altercation).  *See* § 18-3-206, C.R.S. 2025 ("A person commits the crime of menacing if, by any threat or physical action, he or she knowingly places or attempts to place another person in fear of imminent serious bodily injury.").  O'Brien's mother, Regina, witnessed the menacing altercation.

¶ 4     The prosecution charged O'Brien with one count of felony menacing based on the menacing altercation. O'Brien represented himself at trial, during which Cohen, Leah, and Regina testified. O'Brien's theories of defense were that his conduct was (1) justified by self-defense and (2) excused by temporary insanity, caused by drunkenness and a self-diagnosed concussion. The jury rejected those theories and found O'Brien guilty. The district court sentenced O'Brien to a two-year term of probation, which he completed in 2019.

¶ 5     In the meantime, O'Brien filed a notice of appeal in this court. But he later moved to dismiss the appeal, and this court granted the motion.

¶ 6     Then, in 2024, nearly seven years after his conviction, O'Brien filed a pro se motion for a new trial under Crim. P. 33, asserting that his conviction should be set aside based on newly discovered evidence that (1) in 2020, he was diagnosed with attention-deficit/hyperactivity disorder (ADHD); and (2) between 2020 and 2022, Regina testified in civil proceedings, and the court found some of her testimony not credible. He also argued that the district court improperly excluded voicemail evidence at his trial.

¶ 7     The district court denied the motion as untimely.  It further concluded that even if the motion had been timely, the newly discovered evidence claims did not merit a new trial.

¶ 8     O'Brien appeals the denial of his motion.

## II.     Discussion

### A.     Standard of Review and Applicable Law

¶ 9     Motions for a new trial based on newly discovered evidence are regarded with disfavor.  *See Farrar v. People*, 208 P.3d 702, 706 (Colo. 2009).  We will not overturn denials of such motions unless the defendant shows a clear abuse of the district court's discretion. *People v. Roark*, 643 P.2d 756, 765 (Colo. 1982).

¶ 10    To succeed on a motion for a new trial based on newly discovered evidence, a defendant must file the motion "as soon after entry of judgment as the facts supporting it become known."  Crim. P. 33(c).  The defendant also has the burden of proving that a new trial is warranted under a four-part test.  *See People v. Bueno*, 2013 COA 151, ¶ 24, *aff'd*, 2018 CO 4.  He must show that (1) the evidence was discovered after the trial; (2) he was diligent in his efforts to discover the evidence prior to and during trial; (3) the newly discovered evidence is material and not merely cumulative or

impeaching (the materiality prong); and (4) on retrial, the newly discovered evidence would probably produce an acquittal (the outcome prong). *People v. Gutierrez*, 622 P.2d 547, 559-60 (Colo. 1981).

¶ 11    To satisfy the materiality prong of the test, newly discovered evidence "must be of sufficient consequence *for reasons other than its ability to impeach*, or cast doubt upon, the evidence already presented at trial." *Farrar*, 208 P.3d at 706-07. (Emphasis added.) To satisfy the outcome prong, newly discovered evidence "must be consequential in the sense of being affirmatively probative of the defendant's innocence." *Id.* at 707; *see People v. Genrich*, 2025 COA 49M, ¶ 27.

## B.    Timeliness

¶ 12    We first conclude that O'Brien's evidentiary claim concerning exclusion of the voicemail is untimely. A Crim. P. 33 motion based on any ground "other than on the ground of newly discovered evidence shall be filed within 14 days after verdict." Because O'Brien raised his excluded evidence claim more than six years after the verdict, the district court properly denied this claim as untimely. To the extent O'Brien raised any additional non-newly-

discovered-evidence claims in his motion, including any claim concerning the right to use force in defense of property, those were properly denied for the same reason.

¶ 13    The parties disagree about how a court should apply the timeliness standard of a Crim. P. 33 motion based on newly discovered evidence.  We recognize that the facts alleged to support O'Brien's newly discovered evidence claims became known to him (1) more than three years and (2) more than eighteen months, respectively, before he filed his motion — time periods that the district court found to exceed the rule's limitation.  We need not decide whether this determination constitutes an abuse of the court's discretion, however, because we conclude that O'Brien failed to allege facts showing that the evidence meets the materiality and outcome prongs for newly discovered evidence to warrant a new trial.

## C.    ADHD Diagnosis

¶ 14    O'Brien claims that his ADHD diagnosis constitutes newly discovered evidence because the diagnosis makes it less likely that the physical altercation ended the way Cohen and Leah described it at trial — that a passing driver yelled at O'Brien to release Cohen

from a chokehold, and O'Brien complied.  (O'Brien says that because he has ADHD, he would not have complied with the driver's verbal direction.)  According to O'Brien, if Cohen and Leah's credibility had been undermined on this point, the jury might have also disbelieved their testimony that O'Brien started the physical altercation, which, in O'Brien's view, would have bolstered his self-defense claim.

¶ 15    O'Brien's ADHD diagnosis does not meet the materiality or outcome prongs for newly discovered evidence.

¶ 16    As O'Brien acknowledges in his brief on appeal, the relevance of the ADHD diagnosis "has to do with discrediting essential [prosecution] witnesses . . . and bolstering the [d]efendant's own credibility."  That is just another way of saying that the ADHD diagnosis would impeach or cast doubt on certain testimony presented at trial.  But as noted, to be material, the newly discovered evidence must serve a purpose beyond impeachment. *See Farrar*, 208 P.3d at 706-07.

¶ 17    Moreover, evidence that O'Brien has ADHD would not have changed the outcome of the trial.  Even assuming the diagnosis was relevant to who initiated the physical altercation, there was virtually

no evidence that O'Brien acted in self-defense during the menacing altercation. "Self-defense is an affirmative defense to the crime of felony menacing if the defendant (1) threatened force upon another person to defend against the use or imminent use of unlawful physical force, and (2) reasonably believed the degree of force threatened was necessary for that purpose." *People v. Bachofer*, 192 P.3d 454, 463 (Colo. App. 2008); *see also* § 18-1-704(1), C.R.S. 2025. Thus, O'Brien could have acted in self-defense only if he reasonably believed that he had to brandish the shovel to defend himself from Cohen's use or imminent use of unlawful physical force against him.

¶ 18    But at trial, O'Brien testified that after he wielded the shovel at the townhouse, Cohen left and returned to the clubhouse. Rather than remaining at the townhouse, O'Brien admitted that he took the shovel and "chase[d]" after Cohen to the clubhouse. According to the undisputed testimony, when O'Brien entered the clubhouse, Cohen was next to one of the guests having a conversation. The guest testified that when O'Brien appeared, he already had the shovel "cocked like . . . a baseball ba[t]" as though he was about "to take a swing at somebody." There was no evidence that Cohen

7

reinitiated a physical confrontation with O'Brien in the clubhouse before O'Brien brandished the shovel.  Rather, O'Brien said that he was "fuming" when he ran into the clubhouse with the shovel, intending to "drive [Cohen] out" because Cohen had assaulted him several minutes earlier during the physical altercation in the parking lot.

¶ 19    Given this testimony, we agree with the district court that the ADHD diagnosis is not affirmatively probative of O'Brien's innocence, see *Farrar*, 208 P.3d at 707, and its admission is not likely to bring about an acquittal if presented at another trial, *see Genrich*, ¶ 26; *see also People v. Poindexter*, 2013 COA 93, ¶¶ 51-52 (evidence that merely impeached a witness's credibility and was not of such consequence to probably produce an acquittal did not warrant a new trial).  Because the alleged newly discovered evidence does not meet the legal standard for evidence warranting a new trial, we conclude that the district court acted within its discretion in denying this claim.

### D.    Regina's Credibility

¶ 20    At trial, Regina testified about O'Brien's behavior during the party and his conduct when he returned to the clubhouse with a

shovel.  Four other witnesses testified similarly about those events. O'Brien asserts that he could have challenged Regina's credibility with newly discovered evidence showing that she (1) was motivated to give false testimony by a dispute over his grandmother's care and property and (2) gave testimony deemed to be not credible in a 2022 probate proceeding.

¶ 21    Like O'Brien's ADHD diagnosis, this evidence would serve only to impeach a witness's testimony and is not probative of O'Brien's innocence.  Therefore, it is not enough to warrant a new trial.  *See Farrar*, 208 P.3d at 706-07.  We conclude that the district court acted within its discretion in denying this claim too.

### III.    Disposition

¶ 22    The order is affirmed.

JUDGE JOHNSON and JUDGE SCHOCK concur.